App., 180; *Lester* v. *The State,* 2 Texas Ct. App., 432; *Hanks* v. *The State,* 21 Texas, 526; *Henrie* v. *The State,* 41 Texas, 573; *Armendares* v. *The State,* 10 Texas Ct. App., 44.)

Because the court erred in refusing a new trial, based upon the prejudice of the juror A. J. Bell, the judgment is reversed and the cause remanded.

*Reversed and remanded.*

Opinion delivered November 14, 1883.

[No. 1618.]

## Marijoldo Gomez *v.* The State.

Possession of Recently Stolen Property—Charge of the Court.— While the statute provides that possession of an animal recently stolen, without a written bill of sale specifically describing the animal, shall be deemed *prima facie* evidence of illegal possession, it is error to so charge in the abstract. The trial court should instruct the jury that, though the failure to produce a written conveyance is *prima facie* evidence of illegal possession, yet it is not conclusive, and may be rebutted by competent evidence.

Appeal from the District Court of Uvalde. Tried below before the Hon. T. M. Paschal.

The indictment charged the theft of a horse, the property of R. C. McKinney, in Uvalde county, Texas, on July 1, 1882. The trial of the appellant resulted in his conviction, and his punishment was assessed at a term of five years in the penitentiary.

The prosecuting witness McKinney testified, in substance, that about the time mentioned in the indictment, he lost a bay mare from her range in Uvalde county, and failed to find her after a protracted search. About three weeks later he saw a a Mexican boy, now in court, riding her past his house, and upon claiming the animal obtained her from him.

Inez Hernandez testified, for the State, that about the time mentioned in the indictment the defendant came to his house in Uvalde county, riding a bay mare. The witness purchased this mare from the defendant, giving him a twenty dollar pistol for

her. The defendant gave no bill of sale, but promised to execute one later. The witness, after purchasing the animal, sent his brother with her to the town of Uvalde to have her shod. His brother soon returned without the mare.

Tomas Hernandez testified, for the State, that about the time mentioned in the indictment, his brother, Inez Hernandez, gave him a bay mare to take to Uvalde to have shod. It was the same animal Inez had purchased of the defendant. While passing R. C. McKinney's residence, *en route* to Uvalde, McKinney saw and claimed the animal, which the witness delivered to him upon his making the proper affidavit of ownership.

Error in the charge, and in refusing a continuance, and that the evidence did not support the verdict, were the grounds relied upon for a new trial; which was refused.

No brief for the appellant.

*J. H. Burts,* Assistant Attorney General, for the State.

WHITE, PRESIDING JUDGE. In the charge to the jury which was excepted to by defendant, the learned judge instructed them as follows, viz: "When a person is on trial for theft of a horse, the possession of such stolen horse by the accused without a written transfer or bill of sale containing a specific description of such animal is *prima facie* evidence against the accused that such possession was illegal."

In *Flores & Bernal* v. *The State,* 13 Texas Court of Appeals, 665, a similar charge was given, and it was held to be error. It was said, "It is true that the rule here announced is so declared by statute, but to charge it abstractly is error. * * * We think that the court should have instructed the jury that, though the failure to produce a written conveyance was *prima facie* evidence that defendant's possession was illegal, yet it was not conclusive, and might be rebutted by competent evidence. The charge as it was given may have made the impression upon the minds of the jurors that the inquiry should be confined to the question as to whether or not the defendant had a written conveyance" (citing *Mills* v. *The State,* 40 Texas, 69; *Garcia* v. *The State,* 12 Texas Ct. App., 335).

For this error the judgment must be reversed and the cause remanded for a new trial.

*Reversed and remanded.*